UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ALEX RIOS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 15-cv-1183-TSC |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

In this action filed *pro se*, Plaintiff Alex Rios sues the United States under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. He challenges the Drug Enforcement Administration's ("DEA") responses to his initial request for records pertaining to an investigation of a DEA Special Agent ("third-party records") and his expanded request for records pertaining to himself ("first-party records").[1]

Before the court is Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 35). DOJ contends that Plaintiff failed to exhaust his administrative remedies by (1) providing the special agent's authorization or proof of his death, and (2) certifying his own identity to enable a search for first-party records. Plaintiff does not dispute that he failed to provide the requested third-party documentation, but DEA has nonetheless conducted a search and found no

---

[1] DEA is a component of the Department of Justice ("DOJ"). Although Plaintiff has named the United States as the sole defendant, FOIA actions are properly brought against U.S. agencies. *See Jean-Pierre v. Fed. Bureau of Prisons*, 880 F. Supp. 2d 95, 100 (D.D.C. 2012) (discussing "proper party defendant" to FOIA complaint). Therefore, the court considers DOJ to be the proper defendant.

1

responsive records. In addition, the record establishes that Plaintiff has in fact complied with the agency's identity certification requirement. Consequently, for the reasons explained more fully below, Defendant's motion will be **DENIED**.

## I. BACKGROUND

On February 2, 2015, Plaintiff requested essentially all DEA records "regarding the investigation and 'misconduct' of DEA Agent Bruce D. Lange within the Northern District of Texas." (Decl. of William C. Little, Jr., ¶ 11 and Ex. A, ECF No. 35-2). In a letter dated March 3, 2015, with the subject line "Information regarding Third Party – DEA Special Agent Bruce D. Lange," DEA informed Plaintiff that before processing his request, it needed either proof of Lange's death "or an original notarized authorization (DOJ Form 361 and Third Party Release Statement) from [Lange]." (*Id*., Ex. B at 1). Otherwise, it could neither confirm nor deny the existence of responsive records, any such records would be exempt from disclosure under FOIA exemptions 6, 7(C), 7(D), and 7(F). (*Id*.). DEA further informed Plaintiff that if no response was received within 30 days, it would administratively close the request. (*Id*. at 2).

On March 7, 2015, Plaintiff replied that he had a "particularized need for the requested information," having learned two years after his criminal trial that Lange was himself "under investigation for allegations of criminal activities while on duty as a DEA Agent during the time of [Plaintiff's] criminal investigation and trial[.]" (Little Decl., Ex. C at 2). Plaintiff included purported "evidence" of Lange's "numerous" violations of the DEA Manual and Code of Ethics. (*Id*. at 2-3). DEA responded on April 8, 2015, reiterating why it could not yet process Plaintiff's request

for third-party records. It explained that it was not required to conduct a search for responsive records without proof of Lange's death or his notarized authorization, and added that any responsive records "would be categorically exempt from disclosure" under FOIA exemption 7(C) for personal privacy reasons. (*Id*., Ex. D at 1). DEA assured Plaintiff that it would initiate a search upon its receipt of the requested documentation, and it informed him that he had 30 days from the original March 3, 2015 date to provide the documentation. It also informed Plaintiff that its fee structure afforded him "two (2) hours of search and 100 pages of duplication at no charge," and that he would be provided an estimate of processing fees beyond that threshold once his request was "perfected." (*Id*. at 2).

On April 18, 2015, Plaintiff appealed DEA's denial of third-party records, which the Office of Information Policy ("OIP") received on May 6, 2015. On June 15, 2015, OIP affirmed DEA's decision to neither confirm nor deny the existence of responsive records in the absence of "consent, proof of death, official acknowledgment of an investigation, or an overriding public interest," and informed Plaintiff of his right to sue. (Little Decl., Ex. G). OIP cited FOIA exemptions 6 and 7(C), and added, "to the extent that such records exist, they would be protected from disclosure" under FOIA exemption 7(F). (*Id*. at 1).

Plaintiff filed this action in July 2015. In a letter dated March 1, 2016, DEA informed Plaintiff that "during the course of the litigation review," it discovered "that certain information related to . . . Lange and his employment with DEA is in the public realm. As a consequence, a search for records to your request may be conducted." (*Id*., Ex. H). DEA then identified various deficiencies in Plaintiff's

3

February 2, 2015, request, some of which it advised "can be overcome, but not all." (*Id*. at 3). In addition, DEA informed Plaintiff that based on the "breath [sic] and scope" of his "request as currently construed," the search could take as long as 27 hours, and estimated the search fee alone to be $1,000 (after exhaustion of the first two hours of free search time). DEA further informed Plaintiff that pursuant to DOJ regulations, a requester without a payment history must "pay the entire anticipated fee" before a search begins if the estimated fee exceeds $250. (*Id*).

On March 30, 2016, Plaintiff submitted a "reformulated request with specifics" and suggested "it might be that the standard 2 hour afforded to each requestor is enough" to commence a search, but regardless, his wife would be sending "the initial $250.00 fee." (*Id*., Ex. I). The reformulated request sought "reports, rough notes, 302's that mention[ ] Alex Romo Rios as a suspect in Case No. 5:07 CR-022-1-c., Northern District of Texas, Lubbock Division," and essentially all records "that became the basis" of Lange's alleged removal from his position as a DEA Special Agent. (*Id*. at 1). Plaintiff included a citation to a Merit Systems Protection Board ("MSPB") proceeding and offered that the requested information about Lange "would be found in the above Docket Number." (*Id*.).

In a May 10, 2016 letter, DEA informed Plaintiff that it could not "comply with [his] request at this time." (Little Decl., Ex. J at 1). It explained that Plaintiff's reformulated request had "not narrowed the scope of the search" but in fact expanded it in several ways. Furthermore, because Plaintiff had added a request for his records, he needed to complete a "Certification of Identity, DOJ 361" form, which was enclosed. (*Id*. at 2).

4

DEA also informed Plaintiff that the records he sought about himself were not "reasonably describe[d]" to permit staff "to locate responsive records with a reasonable amount of effort." (*Id*.) It explained that (1) DEA does not create or prepare "302's," (2) DEA's records are not indexed "by reference to a criminal case or . . . MSPB docket number, and (3) the request "describe[d] records that relate to actions taken by other agencies or DOJ components." (*Id*. at 2-3). DEA listed contact information for the FBI, which it advised may maintain "302's,"; the Executive Office for United States Attorneys "[f]or records associated with a criminal case"; the DOJ Office of the Inspector General "[f]or records associated with actions taken [there]"; and MSPB "[f]or records associated with an MSPB Docket[.]" (*Id*.)

Finally, DEA further explained why the estimated $1,000 search fee "still holds true for records related" to Lange. (*Id*. at 3). It "reject[ed]" as inadequate Plaintiff's offer to pay $250 and again suggested that he narrow his request. DEA concluded "[i]f the Certification of Identity is not received and the elections are not made within the next 30 days, DEA will assume you no longer wish that a search be conducted." (*Id.*).

On June 6, 2016, Plaintiff responded with a reformulated request, referencing possible documents that he claimed may be found in the Office of Professional Responsibility. (*Id*., Ex. K). In a letter dated August 8, 2016, DEA reminded Plaintiff that he had "been afforded the opportunity to rectify deficiencies in your request for [Lange's records], to make elections regarding the systems you wanted searched and to pay the estimated fee," but had "not fully availed yourself of the opportunity." (Little Decl., Ex. L at 1). It informed Plaintiff that as "currently

5

construed," his request as to Lange sought records "referenced in" an "MSPB Initial Appeal File (IAF). However, an agency is not required to conduct research or obtain records from another agency to satisfy a FOIA request[.]" (*Id*.). Nevertheless, "at [Plaintiff's] insistence," DEA searched "litigation files maintained by the DEA Office of Chief Counsel" for the MSPB IAF "referenced in the MSPB Opinion and Order" that Plaintiff had provided; it located no responsive records. (*Id*. at 1-2). DEA informed Plaintiff that the foregoing search had exhausted the two hours of free time, and that he would need to pay an estimated search fee of $160 for the search to continue. (*Id*. at 2).

On August 15, 2016, Plaintiff filed yet another reformulated request "based on information gleaned from an Initial Decision" of the MSPB. (Ex. M to Little Decl., "Second Reformulated FOIA/PA Request"). He included his date and place of birth and his social security number "[i]n order to assist [DEA] in identifying me." In addition, Plaintiff declared under penalty of perjury pursuant to 28 U.S.C. § 1746 that the information in the request was true and correct. (*Id*. at 4). In a letter dated November 22, 2016, DEA interpreted the request as seeking (1) "documents generated, created, prepared, processed or handled by the DEA in relation to [Plaintiff's] criminal case," and (2) MSPB "disciplinary proceedings against Agent Lange to the extent those proceedings involve, directly or indirectly [Plaintiff's] criminal case." (*Id*., Ex. N). DEA again informed Plaintiff that it could not process the request for his records because "it fails to meet the requirements of DOJ Agency Rules." (*Id*., Ex. N). DEA explained:

> Under DOJ Agency Rules, when making a request for access to records about one's self, an individual must verify their identity, state their full

6

> name, current address, and date and place of birth, sign their request and their signature must either be notarized or submitted by them under 28 U.S.C. § 1746, a law that permits statements to be made under penalty of perjury as a substitute for notarization. *See* 28 C.F.R. § 16.41(d). Without the required information, DEA cannot search for or release any records that may be responsive to your request. A DOJ Certification of Identity, DOJ 361, is enclosed for your convenience.

(*Id*. at 1-2).

As to the request for records connecting Lange's MSPB proceedings with Plaintiff's criminal case, DEA explained initially that the request was "not a reasonable description of a record under FOIA, since it requires a subjective legal determination regarding what records would be responsive. Information such as the date, title or name of the record, DEA case number, a DEA file designation, or reference number, however, would assist." (Ex. N at 3). According to DEA, the "passages" Plaintiff supplied from the MSPB decision may support the existence of records, but those would not be "sufficient to allow DEA personnel to locate those records with a reasonable amount of effort." (*Id*.). Nevertheless, DEA reminded Plaintiff of its unsuccessful search for the MSPB IAF, and again suggested that Plaintiff contact the MSPB directly. (*Id*).

During the course of this litigation, "DEA acquired [and reviewed] the complete MSPB opinion and orders relevant to the case to which plaintiff referred," discovered that "the administrative agency actions taken against . . . Lange [were] reversed," and thus concluded "that the release of information by MSPB did not support the release of any information held by DEA that could relate to any alleged misconduct of . . . Lange." (*Id*. ¶¶ 39-40). "Currently, DEA is awaiting the

7

certification of identity from plaintiff which will allow DEA to inform him of any fee required to search for information that pertains to him." (*Id*. ¶ 44).

## II. LEGAL STANDARD

Because the court will rely on matters beyond the pleadings, it will proceed under the standards for summary judgment. *See* Fed. R. Civ. P. 12(d). Summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986); *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006). Summary judgment may be rendered on a "claim or defense . . . or [a] part of each claim or defense." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). "A fact is 'material' if a dispute over it might affect the outcome of a suit under the governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination." *Holcomb*, 433 F.3d at 895 (quoting *Liberty Lobby*, 477 U.S. at 248). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See id*.

"FOIA provides a 'statutory right of public access to documents and records' held by federal government agencies." *Citizens for Responsibility & Ethics in Washington v. DOJ*, 602 F. Supp. 2d 121, 123 (D.D.C. 2009) (quoting *Pratt v. Webster*, 673 F.2d 408, 413 (D.C. Cir. 1982)). FOIA requires that federal agencies comply with requests to make their records available to the public, unless such "information is exempted under [one of nine] clearly delineated statutory language."

8

*Id*. (internal quotation marks omitted); *see also* 5 U.S.C. § 552(a), (b). An agency is generally required to disclose only those records that are in its custody and control at the time of the FOIA request, *McGehee v. Central Intelligence Agency*, 697 F.2d 1095, 1110 (D.C. Cir. 1983), and only upon receiving a "request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed[.]" 5 U.S.C. § 552(a)(3)(A). But if the agency receives no FOIA request, or one that does not comply with its published rules, it " 'has no reason to search or produce records[.]' " *Johnson v. United States*, ___ F. Supp. 3d ___, ___, 2017 WL 883779, at *4 (D.D.C. Mar. 6, 2017) (quoting *Carbe v. Bureau of Alcohol, Tobacco and Firearms*, No. 03-CV-1658, 2004 WL 2051359, *8 (D.D.C. Aug. 12, 2004)). Moreover "when an agency does not possess or control the records a requester seeks, the agency's non-disclosure does not violate FOIA because it has not "withheld" anything." *DiBacco v. U.S. Army*, 795 F.3d 178, 192 (D.C. Cir. 2015). In deciding whether an agency has fulfilled its disclosure obligations, "the court shall determine the matter *de novo* . . . and the burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B).

### III. ANALYSIS

Defendant contends that it is entitled to judgment as a matter of law because "Plaintiff has not exhausted his administrative remedies and DEA has sent several correspondences requesting additional information from plaintiff." (Def.'s Mem. at 4). "Exhaustion of administrative remedies is generally required before seeking judicial review 'so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision.' " *Wilbur*

9

*v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004) (quoting *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990)). Although exhaustion under FOIA is not a jurisdictional requirement, "failure to exhaust precludes judicial review" if proceeding on an unexhausted claim would undermine the purposes and policies underlying the exhaustion requirement. *Id.*; *see Bayala v. United States Dep't of Homeland Sec., Office of Gen. Counsel*, 827 F.3d 31, 35 (D.C. Cir. 2016) (exhaustion is not jurisdictional "but instead can be a substantive ground for rejecting a FOIA claim in litigation"). Such is not the case here.

In contrast to DEA's November 23, 2016 declaration that Plaintiff "has failed to certify his identity[,] [d]espite being provide[d] a DOJ Certification of Identity, DOJ Form 361," Little Decl. ¶ 42, the record reveals that Plaintiff in fact complied with the identity verification rule three months before the declaration was executed. The rule provides in relevant part:

> Verification of identity. When you make a request for access to records about yourself, you must verify your identity. You must state your full name, current address, and date and place of birth. You must sign your request and your signature must either be notarized or submitted by you under 28 U.S.C. 1746, a law that permits statements to be made under penalty of perjury as a substitute for notarization. . . . *[N]o specific form is required*[.] . . . In order to help the identification and location of requested records, you may also, at your option, include your social security number.

28 C.F.R. § 16.41(d) (emphasis added). At the conclusion of his second reformulated request dated August 15, 2016, which contained Plaintiff's prison address, Plaintiff stated "[i]n order to assist you in identifying me, I hereby advise you that I was born on December 20, 1959, in Lubbock Texas" and added his social security number. Moreover, Plaintiff signed the request with his full name and provided his declaration

pursuant to 28 U.S.C. § 1746. (Little Decl., Ex. M). Because the regulation requires "no specific form," the fact that Plaintiff failed to execute DOJ Form 361 is of no material consequence. Therefore, DEA's motion with respect to Plaintiff's request for first-party records is denied, and DEA should now process Plaintiff's August 15, 2016 Second Reformulated FOIA/PA Request and "inform him of any fee required to search for information that pertains to him." (Little Decl. ¶ 44).

As for Plaintiff's request for records pertaining to Lange, DOJ "has a decentralized system for responding to FOIA requests[.]" 28 C.F.R. § 16.3(a)(1). The regulation governing third-party records provides:

> Where a request for records pertains to a third party, a requester may receive greater access by submitting either a notarized authorization signed by that individual or a declaration made in compliance with the requirements set forth in 28 U.S.C. 1746 by that individual authorizing disclosure of the records to the requester, or by submitting proof that the individual is deceased (e.g., a copy of a death certificate or an obituary). *As an exercise of administrative discretion, each component can require a requester to supply additional information if necessary in order to verify that a particular individual has consented to disclosure.*

28 C.F.R. § 16.3(a)(4) (emphasis added). Nowhere in its response to the second reformulated request did DEA reassert the need for Lange's authorization or proof of his death, and the text of the controlling regulation does not require it. (*See* Ex. N to Little Decl., Nov. 22, 2016 letter). Instead, DEA reminded Plaintiff that a search in August 2016 of its litigation files for certain records pertaining to Lange had "consumed the two hours of search time afforded without charge." (*Id*. at 3). And it assessed Plaintiff an estimated fee of $160 to enable it to continue that search. (*See* Ex. L to Little Decl., Aug. 8, 2016 letter at 2). Consequently, the court finds that DEA's changed position during the course of litigation has rendered the exhaustion

11

defense moot, and "[t]here is no required administrative exhaustion process for [DEA's] in-court litigation decision. *Bayala*, 827 F.3d at 35-36.[2]

Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss or for Summary Judgment is **DENIED** without prejudice; it is further

**ORDERED** that by **August 9, 2017**, Defendant shall propose a schedule to govern further proceedings.

**SO ORDERED**.

Date: July 31, 2017

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

---

[2] Both parties have strayed from the central question of whether agency records have been improperly withheld. Going forward, the parties should heed the following. Because an agency is responsible for disclosing only those records in its possession and control at the time of the FOIA request, DEA has absolutely no obligation under FOIA to retrieve documents from MSPB or any other agency or agency component. In addition, the FOIA imposes no duty on DEA "to create records," *Forsham v. Harris*, 445 U.S. 169, 186 (1980), or to answer what DEA has reasonably interpreted to be questions regarding the relationship between Plaintiff's criminal proceedings and Lange's MSPB proceedings. *See Adams v. FBI*, 572 F. Supp. 2d 65, 68 (D.D.C. 2008) ("Under [the] FOIA, an individual may obtain access to records 'written or transcribed to perpetuate knowledge or events.' . . . [The] FOIA neither requires an agency to answer questions disguised as a FOIA request, [n]or to create documents or opinions in response to an individual's request for information.") (quoting *Hudgins v. IRS*, 620 F. Supp. 19, 21 (D.D.C.1985), *aff'd*, 808 F.2d 137 (D.C. Cir. 1987) (alterations in original)). A "withholding subject to review under the FOIA occurs only when an agency component fails to produce [responsive] documents in its 'custody' or 'control' at the time of the FOIA request, *Hicks v. Exec. Office for U.S. Attorneys*, 12 F. Supp. 3d 25, 29 (D.D.C. 2013) (quoting *McGehee*, 697 F.2d at 1110), which also "may arise from an agency's failure to conduct an adequate search," *Maydak v. U.S. Dep't of Justice*, 254 F. Supp. 2d 23, 44 (D.D.C. 2003). *See Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 514 (D.C. Cir. 2011) (an agency "fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents") (citation and internal quotation marks omitted)).