# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ALEX RIOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-cv-1183-TSC |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>MEMORANDUM OPINION</u>

In what remains of this FOIA case, the Drug Enforcement Administration ("DEA") has renewed its motion for summary judgment with regard to certain redactions under FOIA Exemption 7(E), ECF No. 67.  *See* Mem. Op. II, ECF No. 64 (granting the bulk of relief to Defendant).[1]  For the following reasons, Defendant's motion will be GRANTED.

The court could not fully resolve Defendant's Exemption 7(E) claim because the declarant's explanation for withholding material beyond G-DEP and NADDIS information lacked specificity.  *See* Mem. Op. II at 16-17 (finding no correlation shown between certain redacted material and the claimed exemption).  In support of the instant motion, Defendant proffers the Declaration of Angela D. Hertel, ECF 67-1, and three revised *Vaughn* indices, ECF Nos. 67-2, 67-3, 67-4, all of which satisfactorily address the court's concerns.  Hertel states, and the indices show, that an "overwhelming

---

[1]   The court's first Memorandum Opinion, ECF No. 41, rejected Defendant's argument to dismiss for failure to exhaust administrative remedies.

1

number" of redactions were DEA file numbers that "relate solely to internal DEA practices and can only be legitimately utilized by agency personnel functioning within the agency." Hertel Decl. ¶¶ 11, 16.  The file numbers "reveal the specific DEA office that initiated the investigation, the year the investigation was established, and the total number of cases initiated by the DEA office in a particular fiscal year." *Id*. ¶ 16. If disclosed, Hertel explains, such information could reveal "how an agency's law enforcement databases work and render[ ] them more vulnerable to manipulation." *Id*. ¶ 16.  In addition, DEA applied Exemption 7(E) "to other specific numbers and codes that could lead to discovery and circumvention of the law by drug violators," including "a National Drug Pointer Index ("NDPIX") number; codes from the National Crime Information Center ("NCIC"); and Office and Sub-Office codes." *Id*. ¶ 17.  Further, DEA withheld "certain information and material that would reveal sensitive, non-public references to the DEA's Agents' Manual," including "quantitative and qualitative drug classification criteria" and "internal drug violator codes . . . used in the formulation of the G-DEP number." *Id*. ¶ 18.  Finally, DEA redacted operation code names, which if disclosed "could provide insight into the actual operation, which criminals could use to develop countermeasures to circumvent future operations." *Id*.

Plaintiff's opposition, ECF No. 70, raises no materially factual dispute, and Defendant has satisfied the "relatively low bar" the D.C. Circuit has set for an agency to justify its withholdings under Exemption 7(E).  *Blackwell v. FBI*, 646 F.3d 37, 42 (D.C. Cir. 2011).  In addition, the court now finds from the *Vaughn* indices and declarations that Defendant has released all reasonably segregable non-exempt

information.  *See* Second Decl. of Katherine L. Myrick ¶¶ 70-71, ECF No. 58-2

(attesting to the agency's review of records for segregability).

Defendant, having shown its full compliance with FOIA, is entitled to judgment

as a matter of law.  A corresponding order will issue separately.


Date:  February 8, 2021

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge